Roane J.
Upon the appointment of Thorough-good, in 1776, as guardian of the appellee, the character of the appellant’s testator as guardian ceased, and with it, his liability to pay and receive monies generally, on account of his ward. Consequently, any payment by him thereafter, to the succeeding guardian, should be considered as a payment on account of a debt admitted to be due. And the receipt for 300/., given by Thoroughgood, in January 1780, which uses the terms, “ 300/. in part of your account with T. WTalke,” strongly imports, that that money was received in part of a debt due from the testator to the appellee as his former guardian; of course, that payment, must, according to the second section of the Act of Assembly, directing the mode of adjusting and settling certain debts and contracts, and agreeably to prior decisions by this Court, be credited at its nominal amount.
If the letter of the appellant’s testator of June 1786 can be construed into an admission that the payment of the 300/. should be subjected to the scale of depreciation, it was made in consequence of an offer of .Thoroughgood, in his letter of the same date, to accept a settlement made by the said testator from his *257 books, according to the tenor of that letter§ and the appellee, by bringing this suit, having departed from the settlement so made, or expected to be made by the testator, the admission, if it can be considered in that light, (for the expressions are extremely vague and indefinite as to that,) is no longer binding upon the representatives of the testator»
I am therefore of opinion, that the decree is erroneous is not allowing the credit for the 300/., as its nominal amount»
THE COURT gave the following opinion and decree, viz :
u By the appointment of John Thoroughgood to the guardianship of the appellee, the guardianship of the appellant’s testator, as also his habit of receiving and disbursing moneys generally, oh account of the appellee, having ceased, the receipt thereafter of any money by the said John Thoroughgood, from the said preceding guardian, should be considered as a payment on account of a debt admitted to be due from him as guardian aforesaid j that by authority of the Act of the General Assembly passed in 1781, entitled u an Act directing the mode of adjusting and settling the paym«nt of certain debts and contracts, and for other purposes/’ and in conformity to former decisions by this Court, the payment of 300/., made the 3d of January 1780, by the appellant’s testator to the subsequent guardian, was not subject to the operation of the scale of depreciation í That there is error in the decree of the Hight Court of Chancery, permitting that payment to stand reduced, and that there is no error in the residue of the said decree, therefore, &Co”